BLAIR *v.* ST. LOUIS, H. & K. R. Co.[1]

*(Circuit Court, E. D. Missouri.   April 2, 1886.)*

1. RAILROADS—MORTGAGES—CROSS-BILL—PRIOR EQUITY—NOTICE.

    Where, in a foreclosure suit, a cross-bill is filed by a judgment creditor, insisting that though he has a junior title of record he has a prior equity, he must allege all facts tending to show that the mortgagee had notice; and where he fails to do so, and simply charges notice, it is sufficient for the mortgagee to deny notice, without going into particulars.

2. SAME—NOTICE.

    Where a person finds a corporation, organized under the laws of the state, in possession of a railroad partially or fully completed, he is justified in assuming that the company in possession is the only one that ever was in possession, or that ever did any work thereon, or had any rights thereto, unless the record shows something to the contrary.

In Equity. Cross-bill of Josiah Fogg. Petition for rehearing. For report of previous opinion, see 25 Fed. Rep. 684.

*Theodore G. Case,* for complainant.

*James Carr* and *Geo. D. Reynolds,* for Fogg.

BREWER, J., *(orally.)* In the case of *Dewitt C. Blair* v. *Josiah Fogg* a petition for rehearing was argued the other day, counsel claiming that there were two or three matters which the court did not consider—which, indeed, were not suggested to the court—and which justified a different conclusion. Mr. Fogg had, away back in 1870, a good claim against the St. Louis & Keokuk Railroad. That company, organized under a special charter, and having done some work, transferred all its property to the St. Louis, Hannibal & Keokuk Railroad, a company organized under the General Statutes. In the instrument making the transfer, there was a stipulation that the new company should assume and pay debts to the amount of $19,-000, which it is conceded covered the claim of Mr. Fogg. That in-

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

strument of transfer was never recorded. The new company finished the road, placed its mortgage upon the property, which mortgage was foreclosed in this suit. After years had passed Mr. Fogg commenced an action at law against the St. Louis & Keokuk Railroad Company, and obtained judgment. He followed that by a' proceeding in equity against the St. Louis, Hannibal & Keokuk Company, and obtained a decree, charging this judgment against the new company. He now claims that this judgment is a lien prior to the mortgage, and counsel in the argument before me, on the petition for rehearing, contended that the old company, under its charter, had no power to transfer; that the new company took the property subject to the debts of the old; and that the creditors of the old company can follow that property wherever they find it. All that, or at least the substance of it, was adjudicated when the decree passed against the St. Louis, Hannibal & Keokuk Railroad. Then, he contends that the conditions of the transfer which were shown in the conveyance, although not of record, were conditions which every purchaser from the St. Louis, Hannibal & Keokuk Railroad Company was bound to take notice of. There is not a syllable of testimony showing that there was ever of record anything indicating that the St. Louis & Keokuk Company had done a particle of work, obtained title to a foot of ground for right of way, or other purposes, or had anything to do with the building of the road. All that the record shows is that the St. Louis, Hannibal & Keokuk Company, a corporation organized under the general law of the state, was, at the time of the mortgage, in possession of a road partially completed. Now, I do not understand that a party is bound to take notice of matters which are simply floating,—resting in parol. It is a common thing for more than one corporation to be organized for the construction of roads between the same *termini.* There are to-day two roads running between here and Kansas City, and I believe it is true there are two or three more corporations organized with a view to the construction of other roads between the same *termini.* If a party finds a corporation organized under the law of the state, in the possession of a railroad partially or fully completed, he is not bound to assume that there may be some other corporation, having like powers, which, prior thereto, was in possession or had rights therein. Unless the record in some way notifies him of the title of that other corporation, he is justified in assuming that the company in possession is the only company that ever was in possession, or that ever had done any work thereon, or had any rights thereto; and that is the record in this case.

The other proposition of counsel is that, by the equity rules of pleading, Mr. Fogg was entitled to a decree. He claims that Mr. Blair in his answer only denied notice, and that that was not sufficient. When he claimed to be an innocent purchaser for value, without notice, he should have stated in his answer the mortgage, its date, the purpose, the contents, and the consideration paid; that the consider-

ation was paid in good faith, and when it was paid. As he was specially charged with notice, he should deny the circumstances from which notice could be inferred. I do not so understand the rules of equity pleading. Prior record title was in the mortgagee. Mr. Fogg comes in by his cross-bill and insists that though he has a junior title of record he has a prior equity. Now, under those circumstances, it seems to me that it is for him to allege all the facts tending to show that the party having the prior legal title had notice, etc., and when he has done this, it is sufficient in the answer to deny, and not necessary to go further, and specifically allege all the matters above stated. These being the only grounds, I am compelled to overrule the petition for rehearing.